IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PETER VEGA,

    Plaintiff,

    vs.

JOHN E. WETZEL, et al.,

    Defendants.

*FILED ELECTRONICALLY*

CIV. ACTION NO. 1:22-CV-00593

*Jury Trial Demanded.*

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AT ECF NO. 59

NOW COME, Defendants Dr. Peter Baddick, Dr. Pinky Bora Saikia, Dr. Martin Loscalzo, Jenna Williams, PA, Donald O'Brien, PA, and Gerard Boyle, by and through their counsel, Weber Gallagher, file the within Answer and Affirmative Defenses to Plaintiff's Amended Complaint at ECF No. 59, setting forth as follows:

### I.     PLAINTIFF

1. Admitted, upon information and belief.

### II.     DEFENDANTS

1-4. The corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties and, upon information and belief, no answer is required of Answering Defendants. To the extent an answer is required, Answering

Defendants deny the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

5.      It is only admitted that Dr. Baddick was employed as a medical doctor at SCI Mahanoy.  The remaining allegations of the corresponding paragraph of Plaintiff's Amended Complaint are otherwise denied.

6.      It is only admitted that Dr. Bora Saikia was employed as a medical doctor at SCI Mahanoy.  The remaining allegations of the corresponding paragraph of Plaintiff's Amended Complaint are otherwise denied.

7.      it is only admitted that Dr. Loscalzo was employed as a medical doctor at Mahanoy.  The remaining allegations of the corresponding paragraph of Plaintiff's Amended Complaint are otherwise denied.

8.      It is only admitted that Ms. Williams was employed as a physician's assistant at SCI Mahanoy.   The remaining allegations of the corresponding paragraph of Plaintiff's Amended Complaint are otherwise denied.

9-13. The corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties and, upon information and belief, no answer is required of Answering Defendants. To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

14.     It is only admitted that Gerard Boyle was, at one time, a corporate officer of Wellpath.  The remaining allegations of the corresponding paragraph of Plaintiff's Complaint are otherwise denied.

### III.     EXHAUSTION

1.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the corresponding paragraph of Plaintiff's Amended Complaint. Plaintiff's grievance files provide the best evidence as to Plaintiff's grievance history.  Answering Defendants otherwise deny the remaining allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

### IV.     PROCEDURAL HISTORY

1-2.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the corresponding paragraphs of Plaintiff's Amended Complaint. Plaintiff's grievance files provide the best evidence as to Plaintiff's grievance history.  Answering Defendants otherwise deny the remaining allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

### V.     CERTIFICATE OF MERIT

1-4.     In response to the corresponding allegations of Plaintiff's Amended Complaint Defendant denies that Plaintiff's explanation and/or justification, or that

any steps or filings he has made to date have properly fulfilled or satisfied the requirement of Certificates of Merit pertaining to professional negligence claims under Pennsylvania law. Answering Defendants thus deny all allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

## VI.   DEFENDANTS PERSONAL INVOLVEMENT

### A.   John E. Wetzel

1-2.   The corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties and, upon information and belief, no answer is required of Answering Defendants. To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

### B.   Ms. Erica Benning (Doe)

1-2.   The corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties and, upon information and belief, no answer is required of Answering Defendants. To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

### C.   Ms. Benadett Mason

1-2.   The corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties and, upon information and belief, no answer is required of

Answering Defendants.   To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.2

**D.     Ms. Lorie White**

1-2.   The corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties and, upon information and belief, no answer is required of Answering Defendants.   To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

**E.     Ms. Christina Houser**

1-2.   The corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties and, upon information and belief, no answer is required of Answering Defendants.   To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

**F.     Dr. Pinky Bora Saikia**

1.     It is only admitted that Dr. Bora is employed as a medical doctor at Mahanoy.  The remaining allegations of the corresponding paragraph of Plaintiff's Complaint are otherwise denied.

2.     The corresponding paragraph of Plaintiff's Amended Complaint sets forth legal conclusions to which no responses are required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

**G.     Dr. Peter J. Baddick**

1.     It is only admitted that Dr. Baddick was employed as a medical doctor at SCI Mahanoy.  The remaining allegations of the corresponding paragraph of Plaintiff's Complaint are otherwise denied.

2.     The corresponding paragraph of Plaintiff's Amended Complaint sets forth legal conclusions to which no responses are required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

**H.     Dr. Martin Loscalzo**

1.     It is only admitted that Dr. Loscalzo was employed as a medical doctor at SCI Mahanoy.  The remaining allegations of the corresponding paragraph of Plaintiff's Complaint are otherwise denied.

2.     The corresponding paragraph of Plaintiff's Amended Complaint sets forth legal conclusions to which no responses are required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

## I.     Ms. Jenna Williams

1.     It is only admitted that Ms. Williams is employed as a physician's assistant at SCI Mahanoy.   The remaining allegations of the corresponding paragraph of Plaintiff's Complaint are otherwise denied.

2.     The corresponding paragraph of Plaintiff's Amended Complaint sets forth legal conclusions to which no responses are required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

## J.     PA O'Brien

1.     It is only admitted that PA O'Brien was employed as a physician's assistant at SCI Mahanoy.   The remaining allegations of the corresponding paragraph of Plaintiff's Complaint are otherwise denied.

2.      The corresponding paragraph of Plaintiff's Amended Complaint sets forth legal conclusions to which no responses are required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

## K.    Dr. Nihit Shah

1-2.    The corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties and, upon information and belief, no answer is required of Answering Defendants.   To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

## L.    Officer Easterday

1-2.    The corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties and, upon information and belief, no answer is required of Answering Defendants.   To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

8

**M.**   **Jane Doe 1 & 2**

1-2.   The corresponding paragraphs of Plaintiff's Amended Complaint are directed to other parties and, upon information and belief, no answer is required of Answering Defendants.   To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

**N.**   **Mr. Gerard J. Boyles**

1.   It is only admitted that Gerard Boyle was a corporate officer and previously served as the CEO of Wellpath.   The remaining allegations of the corresponding paragraph of Plaintiff's Complaint are otherwise denied.

2-3.   The corresponding paragraphs of Plaintiff's Amended Complaint set forth legal conclusions to which no responses are required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraphs.

## VII.  STATEMENT OF THE CASE

1-3.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the corresponding paragraphs of Plaintiff's Amended Complaint, and, therefore, deny the same.  To the extent that an Answer is required, Answering Defendants deny the allegations

of the corresponding paragraphs, including to the extent that they are directed to other parties.

4.     The corresponding paragraph of Plaintiff's Amended Complaint sets forth legal conclusions to which no responses are required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

5.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the corresponding paragraph of Plaintiff's Amended Complaint. Plaintiff's grievance files provide the best evidence as to Plaintiff's grievance history.  Answering Defendants otherwise deny the remaining allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

6-10. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the corresponding paragraphs of Plaintiff's Amended Complaint, and, therefore, deny the same.  To the extent that an Answer is required, Answering Defendants deny the allegations of the corresponding paragraphs, including to the extent that they are directed to other parties.

11.     The corresponding paragraph of Plaintiff's Amended Complaint sets forth legal conclusions to which no responses are required.  To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

12-13.      Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the corresponding paragraphs of Plaintiff's Amended Complaint, and, therefore, deny the same.  To the extent that an Answer is required, Answering Defendants deny the allegations of the corresponding paragraphs, including to the extent that they are directed to other parties.

## VIII. <u>STATEMENT OF FACTS</u>

1.     It is only admitted that PA Williams, Dr. Baddick, and Dr. Loscalzo were employed by Wellpath, an entity contracted by the PA DOC to provide medical services to inmates incarcerated throughout the DOC.  Answering Defendants otherwise deny the remaining allegations of the corresponding paragraph of Plaintiff's Amended Complaint, including to the extent that they are directed to other parties.

2-3.   The corresponding paragraphs of Plaintiff's Amended Complaint set forth legal conclusions to which no responses are required. To the extent a response is required, Answering Defendants deny the allegations contained in the

corresponding paragraphs, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

4.    Defendants are without sufficient information to respond to the allegations of the corresponding paragraph of the Plaintiff's Amended Complaint, and accordingly deny same.

5-24. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the corresponding paragraphs of Plaintiff's Amended Complaint, and therefore, deny the same. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraphs, including on the grounds that they set forth legal conclusions to which no responses are required and Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

25.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the corresponding paragraph of Plaintiff's Amended Complaint. Plaintiff's grievance files provide the best evidence as to Plaintiff's grievance history.  Answering Defendants otherwise deny the remaining allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

26.     The corresponding paragraph of Plaintiff's Amended Complaint is directed to other parties and, upon information and belief, no answer is required of Answering Defendants. To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraph of Plaintiff's Amended Complaint, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

27-37.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the corresponding paragraphs of Plaintiff's Amended Complaint, and therefore, deny the same. Plaintiff's complete medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves. Answering Defendants otherwise deny the allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

38-42.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in the corresponding paragraphs of Plaintiff's Amended Complaint, and therefore, deny the same.  Plaintiff's complete medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

Answering Defendants otherwise deny the remaining allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

43.    The corresponding paragraph of Plaintiff's Amended Complaint is directed to other parties and, upon information and belief, no answer is required of Answering Defendants. To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

44-58.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the corresponding paragraphs of Plaintiff's Amended Complaint, and therefore, deny the same. Plaintiff's complete medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves. Answering Defendants otherwise deny the remaining allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

59-62.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the corresponding paragraphs of Plaintiff's Amended Complaint, and therefore, deny the same. Plaintiff's complete medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

14

Answering Defendants otherwise deny the remaining allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

63.     The corresponding paragraph of Plaintiff's Amended Complaint is directed to other parties and, upon information and belief, no answer is required of Answering Defendants. To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

64.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the corresponding paragraph of Plaintiff's Amended Complaint. Plaintiff's grievance files provide the best evidence as to Plaintiff's grievance history.  Answering Defendants otherwise deny the remaining allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

65.     The corresponding paragraph of Plaintiff's Amended Complaint is directed to other parties and, upon information and belief, no answer is required of Answering Defendants.   To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraph of Plaintiff's Amended Complaint, including on the grounds that it sets forth legal conclusions to which no responses are required.

66.     The corresponding paragraph of Plaintiff's Amended Complaint sets forth legal conclusions to which no responses are required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph.

67-69.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the corresponding paragraphs of Plaintiff's Amended Complaint, and therefore, deny the same. Plaintiff's complete medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves. Answering Defendants otherwise deny the remaining allegations of the corresponding paragraphs of Plaintiff's Amended Complaint.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Defendants are without sufficient information to respond to the allegations of the corresponding paragraph of the Plaintiff's Amended Complaint, and accordingly deny same.

82.     Defendants are without sufficient information to respond to the allegations of the corresponding paragraph of the Plaintiff's Amended Complaint, and accordingly deny same.

83.     The corresponding paragraph of Plaintiff's Amended Complaint sets forth legal conclusions to which no responses are required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph.

84.     Defendants deny the allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

85-87.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the corresponding paragraph of Plaintiff's Amended Complaint, and therefore, deny the same. Plaintiff's complete medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

Answering Defendants otherwise deny the remaining allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

88.   Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the corresponding paragraph of Plaintiff's Amended Complaint.  To the extent a response is required, Defendants deny the allegations of the corresponding paragraph.

89.   The corresponding paragraph of Plaintiff's Amended Complaint sets forth legal conclusions to which no responses are required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

90-91.   Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the corresponding paragraph of Plaintiff's Amended Complaint, and therefore, deny the same. Plaintiff's complete medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves. Answering Defendants otherwise deny the remaining allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

92.     Defendants are without sufficient information to respond to the allegations of the corresponding paragraph of the Plaintiff's Amended Complaint, and accordingly deny same.

93.     The corresponding paragraph of Plaintiff's Amended Complaint is a paragraph of preservation to which no response is required?

## IX.   PLAINTIFF'S UNDERLYING LEGAL CLAIMS

(A)    The corresponding paragraph of Plaintiff's Amended Complaint sets forth legal conclusions to which no responses are required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

## Defendant PA Williams

1-5.    The corresponding paragraphs of Plaintiff's Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

19

## Defendant Dr. Loscalzo

1-5.   The corresponding paragraphs of Plaintiff's Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

## Defendant Dr. Baddick

1-5.   The corresponding paragraphs of Plaintiff's Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

## Defendant P. B. Saikia

1-4.   The corresponding paragraphs of Plaintiff's Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph, including on the grounds that Plaintiff's medical records

provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

## Defendant C. Houser

1-4.   The corresponding paragraph of Plaintiff's Amended Complaint is directed to other parties and, upon information and belief, no answer is required of Answering Defendants.   To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

## Defendant Deputy L. White

1-4.   The corresponding paragraph of Plaintiff's Amended Complaint is directed to other parties and, upon information and belief, no answer is required of Answering Defendants.   To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

## Defendant Superintendent B. Mason

1-5.   The corresponding paragraph of Plaintiff's Amended Complaint is directed to other parties and, upon information and belief, no answer is required of Answering Defendants.   To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

**Defendant Erica Benning**

1-3.   The corresponding paragraph of Plaintiff's Amended Complaint is directed to other parties and, upon information and belief, no answer is required of Answering Defendants.   To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraph of Plaintiff's Amended Complaint, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

**Defendant John E. Wetzel**

1-4.   The corresponding paragraph of Plaintiff's Amended Complaint is directed to other parties and, upon information and belief, no answer is required of Answering Defendants.   To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

**Defendant Mr. Gerard Francis/Jerry Boyles**

1-4.   The corresponding paragraphs of Plaintiff's Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph, including on the grounds that Plaintiff's medical records

provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

## Defendant Dr. Nihit Shah

1-4.   The corresponding paragraph of Plaintiff's Amended Complaint is directed to other parties and, upon information and belief, no answer is required of Answering Defendants.   To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraph of Plaintiff's Amended Complaint, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

## Defendant PA O'Brien

1-4.   The corresponding paragraphs of Plaintiff's Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

## Defendant Officer Easterday

1-4.   The corresponding paragraph of Plaintiff's Amended Complaint is directed to other parties and, upon information and belief, no answer is required of

Answering Defendants. To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

## Defendants Janne Does 1 & 2

1-2. The corresponding paragraph of Plaintiff's Amended Complaint is directed to other parties and, upon information and belief, no answer is required of Answering Defendants. To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraph of Plaintiff's Amended Complaint, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

## Defendants Janne Does 1 & 2

1-2. The corresponding paragraph of Plaintiff's Amended Complaint is directed to other parties and, upon information and belief, no answer is required of Answering Defendants. To the extent an answer is required, Answering Defendants deny the allegations of the corresponding paragraph of Plaintiff's Amended Complaint, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

## X.   LEGAL CLAIMS

1-7. The corresponding paragraphs of Plaintiff's Amended Complaint set forth legal claims and conclusions to which no responses are required. To the extent a response is required, Answering Defendants deny the allegations contained in the corresponding paragraph, including on the grounds that Plaintiff's medical records provide the best evidence as to Plaintiff's Amended Complaints and treatment and speak for themselves.

## XI.   RELIEF SOUGHT

### A.   Injunctive Relief

1.      To the extent that the allegations in the corresponding paragraph are directed to the Answering Defendants, the paragraph sets forth Plaintiff's requests for relief and the basis therefor, to which no response is required. To the extent that these allegations are deemed factual and a response is required, the Answering Defendants deny the allegations contained in the corresponding paragraph.

### B.   Damages Per Medical Malpractice

1.      To the extent that the allegations in the corresponding section are directed to the Answering Defendants, the paragraph sets forth Plaintiff's requests for relief and the basis therefor, to which no response is required.  To the extent that these allegations are deemed factual and a response is required, the Answering Defendants deny the allegations contained in the corresponding paragraph.

### C.      **Damages for Negligence**

1.      To the extent that the allegations in the corresponding section are directed to the Answering Defendants, the paragraph sets forth Plaintiff's requests for relief and the basis therefor, to which no response is required. To the extent that these allegations are deemed factual and a response is required, the Answering Defendants deny the allegations contained in the corresponding paragraph.

### D.      **Damages for Pain and Suffering**

1.      To the extent that the allegations in the corresponding section are directed to the Answering Defendants, the paragraph sets forth Plaintiff's requests for relief and the basis therefor, to which no response is required. To the extent that these allegations are deemed factual and a response is required, the Answering Defendants deny the allegations contained in the corresponding paragraph.

### E.      **Damages for Mental and Emotional Stress**

1.      To the extent that the allegations in the corresponding section are directed to the Answering Defendants, the paragraph sets forth Plaintiff's requests for relief and the basis therefor, to which no response is required. To the extent that these allegations are deemed factual and a response is required, the Answering Defendants deny the allegations contained in the corresponding paragraph.

### F.      **Punitive Damages**

1.     To the extent that the allegations in the corresponding section are directed to the Answering Defendants, the paragraph sets forth Plaintiff's requests for relief and the basis therefor, to which no response is required. To the extent that these allegations are deemed factual and a response is required, the Answering Defendants deny the allegations contained in the corresponding paragraph.

The unnumbered paragraph of Plaintiff's Amended Complaint is a paragraph of incorporation to which no response is required.

WHEREFORE, Defendants Drs. Baddick, Bora and Loscalzo, Ms. Williams, and Mr. O'Brien seek judgment in their favor and against Plaintiff, dismissing Plaintiff's Amended Complaint together with an award of costs and disbursements incurred by Answering Defendants, including attorneys' fees together with such other relief in favor of Answering Defendants as this Honorable Court shall deem appropriate under the circumstances.

**JURY TRIAL DEMANDED**

### *AFFIRMATIVE DEFENSES*

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims may be barred by the applicable statute of limitations, they must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to fully and properly exhaust available administrative remedies as to Answering Defendants and/or as to any or all matters complained of in his Complaint, Plaintiff's claims against Answering Defendants are barred by the Prison Litigation Reform Act, 42 U.S.C. §a 1997e.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants plead as defenses all limitations on damages imposed by 42 U.S.C. §1997e, including the limitation on recovery for mental or emotional injury, and the limitation on attorneys' fees.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim for relief or cause of action upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

At no time did Answering Defendants deprive Plaintiff of any right as protected under the Eighth Amendment to the United States Constitution, 42 U.S.C.A. §1983 or any other state or federally protected right or privilege.

## SIXTH AFFIRMATIVE DEFENSE

At no time did Answering Defendants demonstrate any indifference, deliberate or otherwise, toward any legitimate and/or serious medical need of the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

At no time did Answering Defendants fail to provide necessary medical care or otherwise refuse to treat or intentionally maltreat Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

At all times, Plaintiff was provided reasonable and appropriate treatment in accordance with applicable state and federal laws and the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

## NINTH AFFIRMATIVE DEFENSE

Any injuries and/or damages actually sustained by Plaintiff, which are herein specifically denied, were caused by himself or other persons, entities, or events, over which Answering Defendants had no control or duty to control.

## TENTH AFFIRMATIVE DEFENSE

The treatment afforded to Plaintiff by Answering Defendants was, at all material times, in accordance with the applicable standards of professional medical care.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants plead all defenses afforded to them pursuant to the MCARE Act at 40 P.S. 1303.101 et seq.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to allege and/or set forth a cognizable claim for punitive damages and/or exemplary damages against Answering Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred in whole or reduced in part by the applicable doctrines of assumption of the risk, comparative negligence, and/or contributory negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to allege and/or set forth a cognizable claim for a violation of 42 U.S.C. §1983.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendants plead as an affirmative defense all requirements applicable under Pennsylvania's Certificate of Merit rules, Pa.R.C.P. 1042.1 *et seq.*, including but not limited to the binding effect of a Certificate of Merit asserting that expert testimony is not required.  Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is foreclosed from seeking monetary damages, as he has failed to exhaust his administrative remedies through DC-ADM 804 for any monetary relief he may seek in this action.  Wright v. Sauers, 2017 WL 3731957 (W.D. Pa. 2017); Mobley v. Snyder, 2015 WL 5123909 at *7-9 (M.D. Pa. 2015); Sanders v. Beard, 2013 WL 1703582 at *6 (M.D. Pa. 2013).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendants raise the defense of qualified immunity to the extent it may be deemed to apply.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to amend their Answer and Affirmative Defenses to Plaintiff's Amended Complaint and to assert each and every affirmative defense as provided by Rules 8 and 12(b) of the Federal Rules of Civil Procedure or otherwise as the facts of this case are developed after investigation and discovery.

Respectfully submitted,

WEBER GALLAGHER SIMPSON STAPLETON
FIRES & NEWBY LLP

By:   /s/ Keanna A. Seabrooks  
      Keanna A. Seabrooks, Esquire
      kseabrooks@wglaw.com
      PA324714

      Samuel H. Foreman, Esquire
      sforeman@wglaw.com
      PA77096

      Four PPG Place
      5th Floor
      Pittsburgh, PA 15222
      T: (412) 281-4541
      F: (412) 281-4547

## <u>CERTIFICATE OF SERVICE</u>

I, Keanna Seabrooks, Esquire, hereby certify that on this date a true and correct copy of the foregoing **<u>ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AT ECF NO. 59</u>** was served upon all counsel of record via CM/ECF and to the following:

***By U.S. Mail only to:***

Peter Vega, MM-8644
SPECIAL MAIL – OPEN ONLY IN PRESENCE OF INMATE
Smart Communications/ PA-DOC
SCI-Mahanoy
P.O. Box 33028
St. Petersburg, FL  33733
*Pro Se Plaintiff*


/s/ Keanna Seabrooks
Keanna Seabrooks, Esquire


Dated:        June 2, 2023