UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PETER VEGA,                           :

    Plaintiff               : CIVIL ACTION NO. 1:22-593

v.                                    : (JUDGE MANNION)

DR. BADICK, *et al.*,                 :

    Defendants              :

## MEMORANDUM

Presently before the court in this prisoner civil rights case is a motion to dismiss and motion for summary judgment filed by one defendant, a motion for judgment on the pleadings filed by all other defendants, and several other motions. For the reasons set forth below, the motion to dismiss will be granted in part and denied in part, the motion for judgment on the pleadings and motion for summary judgment will be denied, and all other motions will be deemed withdrawn for the failure by the moving parties to file supporting briefs.

I. **BACKGROUND**[1]

Plaintiff, Peter Vega, filed this case on April 22, 2022, alleging generally that defendants were deliberately indifferent and committed malpractice when they failed to adequately treat his liver, kidney, and stomach conditions. (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner.

Following two rounds of motions to dismiss, Judge Conner issued a memorandum and order on March 11, 2024, dismissing Vega's claims against all defendants except Badick, Bora Saikia, Loscalzo, Williams, O'Brien, and Shah. (Docs. 109-10). Plaintiff's amended complaint, filed on May 4, 2023, remains the operative complaint. (*See* Doc. 59). All remaining defendants have answered the amended complaint. (Docs. 76, 115).

On July 17, 2023, defendant Shah, who was first named as a defendant in the amended complaint, filed a notice of his intent to move to dismiss the amended complaint for Vega's failure to file a certificate of merit

---

[1] As discussed below, the court's substantive analysis in this opinion only proceeds as to the currently pending motion to dismiss and motion for judgment on the pleadings. Because both of these motions seek relief based on plaintiff's purported failure to file a certificate of merit in accordance with the Pennsylvania Rules of Civil Procedure and not based on the sufficiency of the factual allegations in plaintiff's complaint, the court does not include a summary of plaintiff's allegations in this section in the interest of judicial economy. A summary of plaintiff's allegations may be found in the previous opinion issued in this case. (*See* Doc. 110).

as required by Pennsylvania Rule of Civil Procedure 1042.3. (Doc. 86). In accordance with that notice, Shah filed a motion to dismiss the amended complaint on July 2, 2024. (Doc. 123). The discovery deadline passed on July 31, 2024. (*See* Doc. 113). Shah then filed a motion for summary judgment on September 27, 2024. (Doc. 131). All other defendants moved for judgment on the pleadings on September 30, 2024, based on Vega's purported failure to file certificates of merit. (Doc. 133).

On October 15, 2024, defendant Shah moved to strike a request for admissions that Vega had served on him during the discovery process. (Doc. 138). On November 21, 2024, defendants Badick, Bora Saikia, Loscalzo, Williams, and O'Brien ("Wellpath Defendants") filed a suggestion of bankruptcy and notice of stay, noting that the company that employed them during the relevant period, Wellpath LLC, filed a voluntary petition for bankruptcy relief in the United States Bankruptcy Court for the Southern District of Texas and that the case was therefore subject to an automatic stay pursuant to 11 U.S.C. 362. (Doc. 143).

On December 27, 2024, Vega filed a "motion for an order of protection of his civil rights claims." (Doc. 151). The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court. The court then granted Wellpath Defendants' motion to stay the

case on February 6, 2025, and stayed and administratively closed the case. (Doc. 155).

On May 28, 2025, Wellpath Defendants provided a status report stating that the automatic stay no longer applied to this case in light of the bankruptcy court's May 1, 2025, order approving Wellpath's Chapter 11 plan of reorganization. (Doc. 156). The court accordingly lifted the stay and reopened the case on June 26, 2025. (Doc. 157). Vega then filed a motion for injunctive relief on July 18, 2025. (Doc. 159). That motion and all other pending motions are ripe for the court's review and are addressed in this opinion.

## II.   UNSUPPORTED MOTIONS

At the outset, the court will deem several of the pending motions withdrawn. Under Local Rule 7.5, a motion must be deemed withdrawn if the moving party fails to file a brief in support of the motion within fourteen days. M.D. Pa. L.R. 7.5. Here, defendant Shah failed to file a brief in support of his motion to strike, and Vega failed to file briefs in support of his motion for protection and motion for injunctive relief. (*See* Docs. 131, 138, 151, 159). All three motions are accordingly deemed withdrawn in accordance with Local Rule 7.5.

4

Defendant Shah's motion for summary judgment will also be summarily denied without prejudice because he has failed to file a statement of material facts in connection with the motion as required by Local Rule 56.1. *See* M.D. Pa. L.R. 56.1 ("A motion for summary judgment filed pursuant to Fed. R. Civ. P. 56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."). The court's analysis accordingly proceeds only with respect to defendant Shah's motion to dismiss and the other defendants' motion for judgment on the pleadings.

### III. STANDARDS OF REVIEW

#### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief may be granted." Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim, Fed. R. Civ. P. 8(a)(2), and detailed factual

allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In resolving a motion to dismiss, the court thus conducts "a two-part analysis." *Fowler*, 578 F.3d at 210. First, the court separates the factual elements from the legal elements and disregards the legal conclusions. *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 211 (quotations omitted).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B.     Motion for Judgment on the Pleadings**

A motion for judgment on the pleadings is the procedural hybrid of a motion to dismiss and a motion for summary judgment. *Westport Ins. Corp. v. Black, Davis & Shue Agency, Inc.*, 513 F. Supp. 2d 157, 162 (M.D. Pa. 2007). Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). To succeed on a Rule 12(c) motion, the movant must clearly establish that no material issue of fact remains to be resolved and that the movant "is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). A Rule 12(c) motion for judgment on the pleadings is decided under a standard similar to a Rule 12(b)(6) motion to dismiss. *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017). That is, judgment on the pleadings should be granted only when, accepting as true the facts alleged by the nonmovant and drawing "all reasonable inferences" in that party's favor, the movant is entitled to judgment as a matter of law. *Id.* In deciding motions for judgment on the pleadings, courts may only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935

F.3d 187, 195 (3d Cir. 2019) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

## IV. DISCUSSION

The pending motion to dismiss and motion for judgment on the pleadings are both based on assertions that plaintiff has failed to file certificates of merit as required by Pennsylvania Rule of Civil Procedure 1042.3. Rule 1042.3 provides that:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> …
>
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> …
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> …
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

8

1:22-cv-00593-MEM-LT

12/19/25

Pa. R. Civ. P. 1042.3(a). Separate certificates of merit must be filed as to each licensed professional named as a defendant. Pa. R. Civ. P. 1042.3(b).

Several procedural rules govern when a defendant may seek dismissal for a plaintiff's failure to file a certificate of merit. Specifically, under Pennsylvania Rule of Civil Procedure 1042.7, a defendant "may dismiss an action only if four conditions are met: (1) there is not a pending motion (a) for a determination that a COM is unnecessary in the first place or (b) seeking to extend the time to file a COM; (2) a COM was not filed before dismissal was sought; (3) the defendant has attached proof that he served notice of the deficiency upon the plaintiff; and, as is relevant here, (4) thirty days has elapsed between the notice of deficiency and the defendant's attempt to terminate the action." *Schmigel v. Uchal*, 800 F.3d 113, 118 (3d Cir. 2015) (citing Pa. R. Civ. P. 1042.7). Both Rule 1042.3 and Rule 1042.7 are substantive rules of state law that must be applied by federal courts when applying Pennsylvania law. *Id.* at 119-20; *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011). The certificate of merit requirement, however, only applies to state law claims; claims of deliberate indifference to a serious medical need in violation of a plaintiff's federal constitutional rights do not require a certificate of merit. *Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016).

The motion for judgment on the pleadings filed by defendants Badick, Bora Saikia, Loscalzo, Williams, and O'Brien will be summarily denied. These defendants acknowledge that their motion does not comply with the notice requirements of Pennsylvania Rule of Civil Procedure 1042.7 because they did not provide notice of their intent to seek to move to dismiss for the absence of a certificate of merit prior to filing the motion to dismiss. (Doc. 134 at 13 n.2). Their motion is appropriately denied based on this failure to comply with Rule 1042.7's notice requirement. *Schmigel*, 800 F.3d at 124.

Turning to defendant Shah's motion, the court will first grant the motion to the extent that it seeks to dismiss Vega's state law claims for negligence or malpractice. As Shah correctly notes, Vega has not filed any certificate of merit with respect to his claims against Shah: his certificates of merit were filed on June 6, 2022—before Shah had been named as a defendant. (*See* Docs. 10-1, 10-2, 10-3, 10-4).[2]

---

[2] Although Vega's currently operative complaint contains a section titled "Certificate of Merit," it cannot be liberally construed as an independent certificate of merit. (*See* Doc. 59 at 5). The text of the section makes clear that Vega is simply noting that he previously filed certificates of merit and not that he is intending the section as a new certificate of merit. (*See id.* ("On or about June 2, 2022, after concluding his research, Plaintiff filed with the Clerk of Court a Certificate of Merit for each Doctor and/or Physician Assistant mentioned herein.")). Furthermore, although the section suggests that a certificate of merit was filed with regard to the claims against Shah on June 2, 2022, Shah was not named as a defendant until the current amended complaint was filed on May 4, 2023.

10

Vega offers three arguments to the contrary, none of which have merit. His first argument is that Shah's motion fails to comply with Rule 1042.7 because he filed his motion to dismiss more than thirty days after his notice of intent to seek dismissal of Vega's claims. (Doc. 127 at 3-4). This argument misunderstands Rule 1042.7. Vega reads the rule as requiring the motion to be filed within thirty days of the notice, but the rule states the opposite, requiring the motion to be filed "no less than thirty days" after the notice. Pa. R. Civ. P. 1042.7(a)(4). In other words, the rule specifies the *earliest* possible date the defendant may seek dismissal, it does not, as Vega asserts, specify the *latest* possible date the defendant may seek dismissal.

Vega's second argument is that Shah should be precluded from advancing this argument because he has previously argued the absence of a certificate of merit. (Doc. 127 at 4). The docket of the case refutes this argument. The previous motion advancing an argument based on Vega's failure to file a certificate of merit was filed by the other defendants and not by defendant Shah. (*See* Docs. 90-91).

Finally, Vega notes that he previously filed certificates of merit with respect to the other defendants and notes "[i]n fairness" that Shah "was named in the already filed Pro Se Certificate of Merit as a contributing factor to Plaintiff's claims." (Doc. 127 at 6). This argument is meritless. Rule 1042.3

11

requires a separate certificate of merit to be filed as to each defendant the plaintiff is suing. Pa. R. Civ. P. 1042.3. A passing reference to Shah in a certificate of merit relating to claims against a different defendant is not sufficient to satisfy this rule.

The court will accordingly dismiss Vega's state law claims against defendant Shah based on his failure to file a certificate of merit as required by Rule 1042.3. The motion to dismiss will be denied, however, to the extent that Shah seeks dismissal of Vega's federal civil rights claim[3] for his failure to file a certificate of merit because a certificate of merit is not required for that claim. *Crawford*, 660 F. App'x at 116.

## V. CONCLUSION

For the foregoing reasons, the court will grant defendant Shah's motion to dismiss in part and deny it in part, deny defendant Shah's motion for summary judgment without prejudice, deny the other defendants' motion for judgment on the pleadings, and deem all other pending motions withdrawn. The court will additionally set a deadline for the filing of all dispositive motions

---

[3] Shah previously sought dismissal of this claim for Vega's failure to allege that he acted under color of state law, but Judge Conner denied this motion, finding that development of a factual record was necessary to determine whether Shah was acting under color of state law. (*See* Doc. 110 at 19-20).

in light of the closing of pleading and discovery. An appropriate order shall issue.

_____
Malachy E. Mannion
United States District Judge

Dated: 12/19/25
22-593-01